IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　Respondents. | Cause No. CV 21-70-H-SEH<br><br>**ORDER** |

On September 1, 2021, Petitioner Jacob Smith ("Smith") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] On September 27, 2021, he was ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted.[2] An extension of time to October 29, 2021, in which to respond was granted.[3] In companion cases, Smith has been granted multiple extensions in which to respond.[4]

On October 22, 2021, Smith was accorded until 4:45 p.m. October 29, 2021, to file a response or the case would be dismissed.[5] Smith did not respond as ordered.

---

[1] Doc. 1.
[2] Doc. 4.
[3] *See* Doc. 6.
[4] *See Smith v. Guyer et al.*, Cause No. CV-21-14-H-SEH & *Smith v. Salmonsen et al.*, Cause No. CV-21-40-H-SEH.
[5] Doc. 6.

Smith has failed to comply with the Court's Order.[6] Relevant factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions" have been weighed.[7] None warrant application here. The case is dismissed.

No basis to encourage further proceedings exists.[8] A certificate of appealability is denied.[9]

**ORDERED:**

1. Smith's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody[10] is DISMISSED.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 5th day of November, 2021.

Sam E. Haddon
United States District Judge

---

[6] See Fed. R. Civ. P. 41(b); see also Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962); see also Pagtalunan v. Galaza, 291 F. 3d 639, 641–45 (9th Cir. 2002).
[7] Carey v. King, 856 F. 2d 1439, 1440 (9th Cir. 1988); see also Pagtalunan, 291 F. 3d 642.
[8] Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).
[9] 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules governing § 2254 Proceedings.
[10] Doc. 1.